UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ALAMITOS LENDING, LLC,

        Plaintiff,

     v.

MICHAEL SUTT, *et al.*,

        Defendants.
_____

22-CV-971-LJV
DECISION & ORDER

On December 14, 2022, Alamitos Lending, LLC ("Alamitos"), filed this action under New York law against Maria A. Laurendi and Michael Sutt, seeking "to foreclose on a mortgage encumbering the property commonly known as 7193 Woodhaven Drive, Lockport, New York 14094" ("7193 Woodhaven Drive").[1]  *See* Docket Item 1 (verified complaint).  In January 2023, after both Laurendi and Sutt were served, *see* Docket Items 7 and 8, Alamitos voluntarily dismissed the action as against Laurendi under Federal Rule of Civil Procedure 41, *see* Docket Items 9 and 10.  And when Sutt failed to answer or otherwise respond to the verified complaint within the time allowed, *see* Docket Item 8, Alamitos asked the Clerk of the Court to enter a default against him, Docket Item 11.

---

[1] The Court has jurisdiction over this action under 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a) (providing that "[t]he district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different [s]tates"); Docket Item 1 at ¶¶ 2-4 (stating that Alamitos, a "single member limited liability company," is a citizen of California, while Sutt and Laurendi are citizens of New York); *id.* at ¶ 6 (stating that "[t]he amount in controversy, exclusive of interest and costs, exceeds $75,000.00").

On January 23, 2023, the Clerk entered that default, Docket Item 12, and about two months later, Alamitos moved for a default judgment, Docket Item 14.  After Sutt failed to respond to that motion, *see* Docket Item 15 (setting briefing schedule), the Court ordered him to show cause as to why it should not decide Alamitos's motion for a default judgment on the papers currently before it.  Docket Item 17.  Sutt then filed a one-page letter "object[ing] to the motion [for] a default [judgment]" and stating that "[t]his matter was paid in full on the initial foreclosure . . . in April 2021" in New York State Supreme Court, Niagara County.  Docket Item 19.  In fact, Sutt said, he had "made every effort to communicate with" the assignor of the mortgage "to no avail."  *Id.*

Sutt also requested an extension of time to respond to Alamitos's motion so that he could "acquire legal counsel in this matter."  *Id.*  This Court then granted Sutt's request and ordered him to respond by March 1, 2024, Docket Item 20, but Sutt never responded.  In fact, other than the one-page letter referenced above, he has not filed anything in this action.

The Court now addresses Alamitos's motion for a default judgment and, for the reasons that follow, denies that motion.

## **BACKGROUND**[2]

On May 9, 2018, Sutt executed a promissory note for $100,000 plus interest to Lendterra, Inc. ("Lendterra").  Docket Item 1 at ¶¶ 8-9; Docket Item 1-1 at 40-47

---

[2] The following facts are taken from the complaint, Docket Item 1, and its attached exhibits, Docket Item 1-1.  *See L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) ("A complaint is . . . deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." (citation and internal quotation marks omitted)).  On a motion for a default judgment after entry of

(promissory note).  That loan was secured by a mortgage on Sutt's home, 7193 Woodhaven Drive, which was "recorded in Instrument No. 2018-8412 in the Niagara County Clerk's Office."  Docket Item 1 at ¶¶ 3, 8; Docket Item 1-1 at 5-36 (mortgage agreement).  Sutt delivered the note to Lendterra on the date it was executed.  Docket Item 1 at ¶ 9.  Lendterra then transferred the note and assigned the mortgage to Alamitos, as recorded in June 2018 in Instrument No. 2018-10372.  *Id.* at ¶ 10; Docket Item 1-1 at 47 (note allonge); *id.* at 49-51 (assignment of interest in mortgage to Alamitos).

Although the note obligated Sutt to make "[m]onthly [p]ayment[s]" on the loan, he "fail[ed] to make the . . . [p]ayment [that was] due on October 1, 2021," and he has failed to make any payments since.  *Id.* at ¶ 13 ("[Sutt's] default continues to date.").  About one year after Sutt's first missed payment, Alamitos provided him with a "30-day notice to cure."  *Id.* at ¶ 14.  More specifically, Alamitos informed Sutt that if he did not pay what he currently owed, Alamitos could "declare that the outstanding principal balance due under the [n]ote, [as well as] all accrued interest[,] . . . [wa]s immediately due and payable."  *Id.*  Sutt did not pay what was due, nor did he respond to the notice in any way.  *Id.* at ¶ 16.

Sutt owes Alamitos $154,545.32 plus attorney's fees, costs, and other disbursements.  *Id.* at ¶ 17(a)-(b); Docket Item 1-1 at 55-58 (notice of acceleration and

---

default, the court accepts as true the complaint's factual allegations except those relating to damages and "draw[s] all reasonable inferences in [the moving party's] favor." *See Finkel v. Romanowicz*, 577 F.3d 79, 83 n.6, 84 (2d Cir. 2009); *Burris v. Chen*, 2021 WL 2661129, at *4 (E.D.N.Y. June 29, 2021) ("[A] defaulting defendant admits all well-pleaded factual allegations apart from those relating to damages[.]"). Because the Court denies Alamitos's motion for a default judgment, it does not reach the question of damages.

3

intent to foreclose).³  So in December 2022, Alamitos sued Sutt in this Court, seeking to foreclose on 7193 Woodhaven Drive as described above.

## **LEGAL PRINCIPLES**

Federal Rule of Civil Procedure 55 "provides a two-step process for obtaining a default judgment." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).  First, the plaintiff must secure a clerk's entry of default by demonstrating "by affidavit or otherwise" that the opposing party "has failed to plead or otherwise defend" the action.  Fed. R. Civ. P. 55(a).  Second, the plaintiff must "seek a judgment by default under Rule 55(b)."  *Green*, 420 F.3d at 104.  "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," a default judgment may be obtained from the clerk; "[i]n all other cases, the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b).

An entry of default does not mean that a default judgment is automatically warranted.  *See Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (per curiam).  A party that has defaulted "is

---

³ Paragraph 17 of Alamitos's verified complaint refers to Meh Anjum—an individual whose name appears nowhere else in the filings in this case—as the "[d]efendant."  *See* Docket Item 1 at ¶ 17.  Based on the notice of acceleration and intent to foreclose attached to the complaint, Docket Item 1-1 at 55-58, the Court understands that reference to be an error and reads paragraph 17 as alleging that *Sutt* owes Alamitos $154,545.32, the "unpaid principal amount" due under the note as of September 29, 2022, as well as attorney's fees, costs, and disbursements, *see* Docket Item 1 at ¶ 17; Docket Item 1-1 at 55-56.  But that error in such a crucial paragraph of the verified complaint gives the Court pause about the accuracy of Alamitos's other allegations.  *Cf. United States v. Marchena-Silvestre*, 802 F.3d 196, 203 (1st Cir. 2015) (Kayatta, J.) (comparing a clearly erroneous argument to "the thirteenth chime of a clock: you not only know it's wrong, but it causes you to wonder about everything you heard before").

deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability," *Deep Foods Inc. v. Deep Foods Inc.*, 419 F. Supp. 3d 569, 576 (W.D.N.Y. 2019), and the non-defaulting party is "entitled to all reasonable inferences from the evidence offered," *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). But the plaintiff seeking a default judgment "bears the burden of demonstrating that the unchallenged allegations and all reasonable inferences drawn from the evidence provided establish the defendant's liability on each asserted cause of action." *LG Cap. Funding, LLC v. Accelera Innovations, Inc.*, 2018 WL 5456670, at *4 (E.D.N.Y. Aug. 13, 2018).

If a plaintiff establishes the defendant's liability, courts then consider whether three factors favor the entry of a default judgment: "(1) whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to [the] plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for [a] default judgment." *Deep Foods*, 419 F. Supp. 3d at 576-77 (citation and internal quotation marks omitted). "Ultimately, the decision whether to enter [a] default judgment is committed to the district court's discretion." *Id.* at 577 (alterations and internal quotation marks omitted) (quoting *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015)); *see Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993) ("The dispositions of motions for . . . default judgments . . . are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties."). "In light of the Second Circuit's 'oft-stated preference for resolving disputes on the merits,' default judgments are 'generally disfavored.'" *LG Cap. Funding*,

5

2018 WL 5456670, at *4 (quoting *Enron*, 10 F.3d at 95-96); *see also Green*, 420 F.3d at 104 (noting that "a default judgment is the most severe sanction which the court may apply" (citation and internal quotation marks omitted)).

## DISCUSSION

By obtaining the clerk's entry of default against Sutt, Docket Item 12, Alamitos satisfied the first of Rule 55's procedural steps. *See Green*, 420 F.3d at 104; Fed. R. Civ. P. 55(a). And because the relief Alamitos seeks—a judgment of foreclosure—is not a "sum certain or a sum that can be made certain by computation," it properly asked this Court to enter a default judgment. *See* Fed. R. Civ. P. 55(b). So the Court addresses whether the allegations in Alamitos's complaint—accepted as true—establish Sutt's liability. *See LG Cap. Funding*, 2018 WL 5456670, at *4.

"To prevail in a mortgage foreclosure action under New York law, [a] plaintiff must satisfy the common law elements and the statutory requirements set forth in Article 13 of the New York Real Property Actions and Proceedings Law" ("RPAPL"). *Wilmington Sav. Fund Soc'y, FSB v. Fernandez*, 2024 WL 219092, at *5 (E.D.N.Y. Jan. 22, 2024). That is, to make out a prima facie case for foreclosure, "a lender must prove (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt." *Freedom Mortg. Corp. v. Thomas*, 2024 WL 2808369, at *2 (W.D.N.Y. June 3, 2024). "If the plaintiff did not originate the loan, it is required to prove its valid and current ownership of the instruments." *358 & 360 Atl. Ave. Holdings, LLC v. 358 Atl. Realty LLC*, 2023 WL 2969297, at *6 (E.D.N.Y. Mar. 1, 2023). In addition, the lender must "clearly establish compliance with [the] RPAPL's notice requirements." *United States v. Starr*, 2017 WL 4402573, at *4 (S.D.N.Y. Sept. 29, 2017) (explaining that a "foreclosing

6

mortgagee that does not [do so] 'fail[s] to meet its prima facie burden of establishing its entitlement to [a default judgment]'" (second alteration in original) (quoting *Deutsche Bank Nat'l Trust Co. v. Spanos*, 102 A.D.3d 909, 910, 961 N.Y.S.2d 200, 202 (2d Dep't 2013))); *see Wilmington Sav. Fund Soc'y*, 2024 WL 219092, at *5 (noting that although RPAPL's "requirements are sometimes described as procedural, they are substantive in nature, and thus must be followed in federal court as well as state court" (citations and internal quotation marks omitted)).

Alamitos attached to its verified complaint the mortgage agreement, Docket Item 1-1 at 5-36; the promissory note secured by the mortgage, *id.* at 40-46; and documents assigning both the interest in the mortgage as well as the note to Alamitos, *id.* at 47, 49-51.  And it says that Sutt has "fail[ed] to make the [m]onthly [p]ayment[s] due" under the mortgage and note since October 1, 2021, Docket Item 1 at ¶ 13, so that he currently owes Alamitos $154,545.32, plus attorney's fees, costs, and other disbursements, *see id.* at ¶ 17; *see also* note 3, *supra*.

Accepting as true the verified complaint's factual allegations related to liability—as this Court must on a motion for a default judgment, *see Deep Foods Inc.*, 419 F. Supp. 3d at 576—the Court finds that Alamitos has established the three required common law elements of a prima facie case for foreclosure.  *See Wilmington Sav. Fund Soc'y*, 2024 WL 219092, at *5 (holding that plaintiff met burden "by submitting the mortgage, the unpaid note, and evidence of the default"); *United States v. Lancor*, 2021 WL 11670838, at *4 (N.D.N.Y. May 12, 2021) (finding that plaintiff "ha[d] established the common[ ]law elements of a mortgage foreclosure claim" where the complaint "alleged

7

that [the d]efendant owe[d] a debt, that her debt [wa]s secured by a mortgage in favor of [the p]laintiff, and that she [wa]s in default on that debt").

But Alamitos has failed to establish its compliance with the RPAPL, which "imposes stringent notice requirements on lenders, assignees, and mortgage loan service[r]s in residential mortgage foreclosure actions." *Starr*, 2017 WL 4402573, at *3. Alamitos says that it has complied with those provisions "except where it is exempt from doing so." Docket Item 1 at ¶ 15. More specifically, it says that the "90-day [n]otices" that must be sent to a defaulting borrower prior to the commencement of certain foreclosure actions "were not required" here because the loan at issue "is not a residential home loan[ and rather is] a commercial loan pursuant to the terms of the [m]ortgage." *Id.* at ¶ 14. But for the reasons that follow, this Court finds that Alamitos has not pleaded facts establishing that conclusory assertion.

Alamitos is correct that section 1304 of the RPAPL applies only to foreclosure actions involving "home loan[s]." RPAPL § 1304(1). The statute provides that

> with regard to a home loan, at least [90] days before a lender, an assignee[,] or a mortgage loan servicer commences legal action against the borrower[] or borrowers at the property address and any other address of record, including mortgage foreclosure, such lender, assignee[,] or mortgage loan servicer shall give notice to the borrower [in the format specified by the statute].

*Id.*; *see MLB Sub I, LLC v. Mathew*, 202 A.D.3d 1078, 1080, 159 N.Y.S.3d 867, 868 (2d Dep't 2022) (noting that section 1304 is "inapplicable" when the loan at issue is "not a home loan" (citation and internal quotation marks omitted)). The statute defines a "[h]ome loan" as any "loan, including an open-end credit plan" that is, first, taken out by a "natural person"; second, "incurred by the borrower primarily for personal, family, or household purposes"; and third,

8

>secured by a mortgage or deed of trust on real estate improved by a one to four family dwelling, or a condominium unit, in either case, used or occupied, or intended to be used or occupied wholly or partly, as the home or residence of one or more persons and which is or will be occupied by the borrower as the borrower's principal dwelling.

RPAPL § 1304(6)(a)(1)(i)-(iii).  The statute also requires that the mortgaged property be located in New York State.  *Id.* § 1304(6)(a)(1)(iv).  So to establish its compliance with the RPAPL's requirements—and therefore Sutt's liability—Alamitos must show that the loan at issue is *not* a home loan subject to RPAPL § 1304.

As already noted, on a motion for a default judgment, "a court accepts a plaintiff's 'factual allegations as true and draw[s] all reasonable inferences in [the plaintiff's] favor.'"  *Sanchez v. Ms. Wine Shop Inc.*, 643 F. Supp. 3d 355, 365 (E.D.N.Y. 2022) (alterations in original) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)); *see* note 2, *supra*.  But the same treatment is not afforded to "a pleading's legal conclusions," which "are not assumed to be true."  *Id.* (citation omitted).  And in the specific context of motions for default judgments of foreclosure in New York, courts have held that "conclusory statements of compliance with [the] RPAPL's requirements are not enough to satisfy [the p]laintiff's burden."  *See Starr*, 2017 WL 4402573, at *3.  In other words, it is not enough for Alamitos merely to assert that the loan at issue is not a home loan under the RPAPL—a legal conclusion.  To prevail here, the complaint must allege facts *establishing* that the loan at issue is not a home loan.

Alamitos has failed to make that showing here.  In fact, it seems clear that the loan at issue meets at least three of the requirements to qualify as a "home loan."  First, the loan was obtained by Michael Sutt, a natural person.  Docket Item 1 at ¶ 3; Docket Item 1-1 at 5, 42, 46; *see* RPAPL § 1304(6)(a)(1)(i).  Second, Sutt's loan was secured by a mortgage on 7193 Woodhaven Drive, *see* Docket Item 1-1 at 8, a property

9

"improved, or to be improved, by a one to two family dwelling only," *id.* at 34 (mortgage agreement's description of the property); and both the mortgage agreement and the verified complaint identify 7193 Woodhaven Drive as Sutt's residence—as of when the mortgage agreement was entered as well as when this action was commenced, Docket Item 1 at ¶ 3; Docket Item 1-1 at 5, 8.  In other words, the property at issue is the kind of dwelling identified by section 1304 and "occupied by [Sutt] as [his] principal dwelling."[4] *See* RPAPL § 1304(6)(a)(1)(iii).  Third, the property is located in New York State. Docket Item 1 at ¶ 1; *see* RPAPL § 1304(6)(a)(1)(iv).

So whether the loan at issue here is a "home loan" under RPAPL § 1304 turns on whether Sutt obtained the loan "primarily for personal, family, or household purposes." RPAPL § 1304(6)(a)(1)(ii).  As noted, Alamitos's verified complaint says that he did not, asserting that the loan is "commercial" under "the terms of the [m]ortgage."  Docket Item 1 at ¶ 14.  But Alamitos does not cite any particular terms of the mortgage that define the kind of loan that Sutt obtained.[5]  *See id.*  And the verified complaint provides no other details about the kind of loan Sutt received or Sutt's purpose in obtaining it.  *See generally id.*

---

[4] Alamitos's complaint does not suggest that Sutt has relocated at any time since the mortgage agreement, *see* Docket Item 1, and, in fact, it has served Sutt at 7193 Woodhaven Drive throughout these proceedings, *see, e.g.*, Docket Item 14-7 (affidavit of service of Alamitos's default judgment motion).

[5] Alamitos may be relying on a clause in the promissory note that states that "[Sutt] represents and warrants to [the l]ender that the proceeds of this [n]ote will be used solely for business, commercial investment, or similar purposes, and that no portion of it will be used for personal, family, or household purposes."  Docket Item 1-1 at 44.  That clause suggests that the loan at issue here may not be a home loan, even though it was secured by a mortgage on Sutt's house.  *See Home Loan Inv. Bank, F.S.B. v. Goodness and Mercy, Inc.*, 2011 WL 1701795, at *11 (E.D.N.Y. Apr. 30, 2011).

It is Alamitos's burden to establish its compliance with all applicable RPAPL requirements, including by showing that section 1304's notice requirement does not apply.  *See Freedom Mortg. Corp.*, 2024 WL 2808369, at *3 (holding that "[t]he plaintiff has the affirmative obligation to establish strict compliance with RPAPL § 1304" and denying motion for a default judgment without prejudice because plaintiff failed to do so (citation and internal quotation marks omitted)); *Plenitude Cap. LLC v. Utica Ventures, LLC*, 2019 WL 4014840, at *5 (E.D.N.Y. June 11, 2019), *report and recommendation adopted*, 2019 WL 3543610 (E.D.N.Y. Aug. 5, 2019) ("New York authority is clear that notice is an indispensable element of a prima facie case [for foreclosure], such that a plaintiff bears the burden of establishing that notice was properly effectuated [under the RPAPL].").  Because Alamitos has pleaded no facts in its complaint showing the purpose of the loan, this Court is left to guess about the basis for Alamitos's legal conclusion, and so Alamitos has not met the standard for this Court to grant a default judgment.

In sum, because Alamitos—by its own admission—did not provide the notice required under section 1304 here, Docket Item 1 at ¶ 14, and because it failed to plead facts showing that section 1304 does not apply, it has not established full compliance with all statutory requirements of the RPAPL.[6]  So the well-pleaded allegations of Alamitos's verified complaint do not establish Sutt's liability, and this Court denies Alamitos's motion for a default judgment of foreclosure without prejudice.

---

[6] In light of the Court's holding here, it need not and does not reach the question of whether Alamitos has otherwise complied with the RPAPL's requirements.

## **CONCLUSION**

For the reasons stated above, Alamitos's motion for a default judgment of foreclosure, Docket Item 14, is DENIED without prejudice. Alamitos may amend its complaint to correct the deficiencies identified above within 21 days of the date of this decision and order. *See* Fed. R. Civ. P. 15(a)(2) (allowing a party to amend its pleading with leave of court).

SO ORDERED.

Dated: August 23, 2024
   Buffalo, New York

   */s/ Lawrence J. Vilardo*
   LAWRENCE J. VILARDO
   UNITED STATES DISTRICT JUDGE